**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAKOTA RAY MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00128-JSD |
| | ) | |
| DONALD HARPER and | ) | |
| KENTLEE HARMON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Dakota Ray Murray brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.65.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his pleadings under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner at Southeast Correctional Center (SECC) in Charleston, Missouri. ECF No. 1 at 2. According to his motion to proceed without prepaying fees and costs, Plaintiff has no income and less than $10 in his prison account. ECF No. 2. On the other hand, the inmate account statement filed in support of his motion shows average monthly deposits of $8.25 from a prison job, and an average monthly balance of $7.50 (as of the tenth of each month). ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.65, which is twenty percent of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against two (2) Missouri Department of Corrections (MDOC) employees, Donald Harper and Kentlee Harmon, in both their official and individual capacities. ECF No. 1 at 1-3. Plaintiff alleges that correctional-officer Defendants failed to protect him in January 2025 when he was "cutting" himself for "almost 45 minutes" while in a dry cell on suicide watch. *Id.* at 4. On the day of the incident, Plaintiff asserts that defendant Harmon gave another correctional officer permission to leave Plaintiff in the cell. At the time, defendant Harper was "in the bubble" where he was supposed to be watching the camera in Plaintiff's cell. According to Plaintiff, he was not checked on for over an hour despite being "on camera cutting on [himself]." Plaintiff states that defendant Harper "either didn't see it on the camera or didn't care." When another correctional officer realized what Plaintiff was doing and entered the cell, Plaintiff states that he "smiled and [] swallowed the metal that [he] had been cutting [himself] with." Defendant Harmon did not believe that Plaintiff had swallowed the metal item and wanted to send Plaintiff back to his cell. However, a nondefendant supervisory officer

- 3 -

directed Harmon to take Plaintiff for a body scan. Plaintiff alleges that Harmon lied that nothing "show[ed] up." Harmon then wanted to take Plaintiff back to his cell, but the nondefendant supervisory officer told Harmon to put Plaintiff back in "acute suicide watch dry cell." *Id.*

In terms of injuries, Plaintiff states that he had some cuts on his arm and that he "swallowed metal." An unnamed person "cleaned" his arm and put him back in the dry cell. *Id.* For relief, Plaintiff seeks four (4) million dollars and wants both Defendants fired. *Id.* at 5.

### Discussion

After careful review and liberal construction of the pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff alleges that Defendants violated his constitutional rights by failing to protect him from himself. The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishments. U.S. Const. amend. VIII. The Eighth Amendment prohibition is often applied in the context of prisoners when evaluating various allegations, including failure to protect under a "deliberate indifference" standard. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). "An official is deliberately indifferent only if he actually knows of the substantial risk and fails to respond reasonably to it." *Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023) (citing *Farmer*, 511 U.S. at 844-45).

Plaintiff here fails to establish both the objective and subjective components of his failure-to-protect claim. Plaintiff states that he was on suicide watch and that he was "cutting" on his arm, resulting in some "cuts" that required cleaning. Plaintiff does not assert that the cuts were significant or that they required any medical attention. In addition, there is no evidence that

Defendants knew Plaintiff had access to a piece of metal that he could use to cause himself injury. Overall, the facts alleged do not establish a "substantial risk of harm" to Plaintiff. Regardless, even if Plaintiff had provided facts establishing a substantial risk that he would try to harm himself, the facts presented demonstrate that Defendants were not deliberately indifferent to that risk. Plaintiff was placed in a suicide watch cell with cameras for observation. Defendants did not fail to respond reasonably to the risk Plaintiff presented to himself.

Furthermore, Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eighth Circuit has held that this physical-injury requirement mandates "more than a de minimis physical injury." *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018); *Smith v. Moody*, No. 99-1427, 1999 WL 197228, at *1 (8th Cir. Mar. 26, 1999) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (affirming dismissal of de minimis physical-injury claim where plaintiff alleged "a sore, bruised ear lasting for three days.")). Plaintiff's alleged injury here—cuts on his arm that did not require medical attention—are de minimis.

Finally, in an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Defendants are employees of MDOC; therefore, Plaintiff's official capacity claims against Defendants are actually claims against the State of Missouri. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a

'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will,* 491 U.S. at 71. In addition, in the absence of a waiver, the Eleventh Amendment[1] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

For all these reasons, Plaintiff's Complaint fails to state a § 1983 claim and must be dismissed under 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.65 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Donald Harper and Kentlee Harmon are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of January, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE