**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DAKOTA RAY MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00128-JSD |
| | ) | |
| DONALD HARPER and | ) | |
| KENTLEE HARMON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 28, 2026, this Court granted self-represented Plaintiff's motion to proceed *in forma pauperis*, ordered that he pay an initial partial filing fee of $1.65 within thirty (30) days, and dismissed the case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. ECF Nos. 6-7. A few weeks after dismissal, Plaintiff sent the Clerk of Court a letter asking for Court forms and arguing that he was denied his "chance to amend." ECF No. 9. Months later, Plaintiff filed an amended 42 U.S.C. § 1983 complaint in this closed matter. ECF No. 10.

Liberally construing Plaintiff's letter to the Clerk as a motion for reconsideration and request to reopen the case, the Court will deny it. For the reasons explained below, Plaintiff's filings fail to meet the standards for reconsideration and reopening. In addition, as of the date of this Order, Plaintiff still has not paid the $1.65 initial partial filing fee as ordered by the Court.

### Case Background

Plaintiff's original Complaint brought claims under 42 U.S.C. § 1983 against two (2) Missouri Department of Corrections (MDOC) employees, Donald Harper and Kentlee Harmon, based on violations of the Eighth Amendment. ECF No. 1. According to Plaintiff, while he was

confined at Southeast Correctional Center (SECC), correctional-officer defendants failed to protect him from himself in January 2025 when Plaintiff allegedly used a piece of metal to cut himself and then swallowed it. Plaintiff alleged only minor cuts on his arm, and a body scan after the incident did not show that Plaintiff had swallowed any metal.

On January 28, 2026, the Court carefully reviewed and liberally construed the allegations of Plaintiff's Complaint and dismissed the matter under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. ECF Nos. 6-7. The Court discussed how Plaintiff failed to establish both the objective and subjective components required for an Eighth Amendment failure-to-protect claim. ECF No. 6 at 4-5. Furthermore, Plaintiff's Complaint failed to state an actionable claim under the Prison Litigation Reform Act because Plaintiff only asserted a de minimis physical injury. *Id.* at 5.

### Motion for Reconsideration

A few weeks after the case was dismissed, Plaintiff sent a letter to the Clerk of Court asking for § 1983 complaint forms and complaining that he had been denied his right to file an amended complaint in this matter. ECF No. 9. According to Plaintiff, he had "told the Courts" that he wanted to amend. But, based on a review of the docket sheet, no motion to amend had been filed. Plaintiff ends the letter by stating that he wants "to amend [] now please." *Id.* at 1.

### Amended Complaint

Over three (3) months after the case was dismissed, Plaintiff filed an Amended § 1983 Complaint. ECF No. 10. The Amended Complaint is brought against defendant SECC correctional officers Harper and Harmon again, but it also includes four (4) new defendants: (1) Cynthia Reese (SECC Mental Health Superintendent); (2) Gregory Hancock (SECC Warden); (3) John Doe (SECC correctional officer); and (4) MDOC. *Id.* at 6-9. Plaintiff's "Statement of

2

Claims" alleges that Harper, Harmon, Reese, and Hancock failed to protect him from his acts of self-harm.  ECF No 10-11.

In a "Verified Affidavit" attached to the Amended Complaint, Plaintiff states that he sent a letter to the Court stating that he wanted to amend his complaint, before the case was dismissed. ECF No. 10-1 at 1.  He requests to amend under Federal Rules 15(a) and 19(a) and argues that leave to amend should be granted freely.  *Id.* at 2.  Plaintiff also appears to be referring to his filing fee payment when he states that he "sent the green check to the courts but the staff at SECC throw it away."  ECF No. 10-2 at 1.  He also alleges that he is in "imminent danger" and has been "threatened for filing lawsuits on staff at SECC."  *Id.* at 2.  Plaintiff attached handwritten Summons forms, a Civil Cover Sheet, an Original Filing Form, a Motion for Appointment of Counsel, and a Motion to Proceed *In Forma Pauperis*.  ECF Nos. 10-3 through 10-10.

### Discussion

It is true that under the Federal Rules of Civil Procedure the Court should freely grant leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates.  *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). The United States Supreme Court recently reaffirmed this position, stating that the liberal pleading standard of Rule 15(a) "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend."  *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025).  According to the Eighth Circuit, this Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored."  *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009).

Furthermore, according to the Supreme Court, when a plaintiff seeks to reopen a closed case and amend his pleadings, the plaintiff must first meet the strict standards for setting aside the judgment. *See BLOM Bank SAL*, 145 S. Ct. at 1621. In this case, it is unclear whether Plaintiff intends his *pro se* motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). On the other hand, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Rule 60(b) is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Based on the Plaintiff's motion for reconsideration, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff provides no argument for a manifest error of law or fact, nor does he present newly discovered evidence as required by Rule 59(e). Although Plaintiff alleges that he told the Court that he wanted to file an amended

4

complaint, no such notice was received by the Court before the case was dismissed.  Plaintiff also informed the Court that he sent a "green check," but as of the date of this Order, no filing fee payment has been received.  In addition, Plaintiff does not indicate any exceptional circumstances exist here that justify extraordinary relief under Rule 60(b).  Plaintiff's case was dismissed after a lengthy and through review of his pleadings under 28 U.S.C. § 1915(e)(2)(B).  *See* ECF No. 6.  Plaintiff provides no argument in his motion for reconsideration or in his amended complaint that explains why that dismissal should be vacated.  Furthermore, Plaintiff has failed to comply with the Court's Order to pay an initial partial filing fee of $1.65.  *See id.*  For all these reasons, the Court will deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's letter to the Clerk, construed as a motion for reconsideration [ECF No. 9], is **DENIED**.

Dated this 7th day of July, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

5